UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FRANKLIN LEE COGHILL,**
                                     **Plaintiff**

**v.**                                                           **Civil Action Number**
                                                                 **3:06CV361-J**

**MICHAEL J. ASTRUE, Commissioner,**
    **Social Security Administration,**
                                     **Defendant**

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on plaintiff Franklin Coghill's request for review of the

decision of the defendant Commissioner denying his claim to Supplemental Security Income

payments.  After examining the materials of record, the arguments of the parties, and the

applicable authorities, the Court is of the opinion that this matter should be remanded for the

consideration of additional evidence.

Plaintiff filed his application on May 3, 2004, alleging that he had been unable to engage

in any substantial gainful employment since December 19, 2003.  After a hearing, the

Administrative Law Judge ("ALJ") determined that Mr. Coghill's mild mental retardation was a

severe impairment, but that it did not prevent him from performing his past relevant work as a

groundskeeper.

The disability determination process consists of five steps.  <u>Wyatt v. Secretary</u>, 974 F.2d

680 (6th Cir. 1992).  These steps are approached sequentially, and a finding at any step that is

adverse to the claimant terminates the process:

1.  The claimant must not be engaged in substantial gainful activity.

2.  The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking.  20 CFR Section 416.921.

3.  If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

4.  The claimant must be unable to do his or her past relevant work.

5.  If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs.  Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

Mr. Coghill seeks a remand for consideration of additional evidence.  To succeed on this motion, the plaintiff must carry the burden of showing that remand is proper.  Oliver v. Sec'y of Health & Human Servs., 804 F.2d 964, 966 (6th Cir.1986),  Willis v. Secretary, 727 F.2d 551 (6th Cir. 1984).  Title 42 U.S.C. Sec. 405(g) provides that a district court may remand for consideration of additional evidence only upon a showing of new evidence that is material "and that there is good cause for the failure to incorporate such evidence into the record" previously. Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with

the new evidence." Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th

Cir.1988). A claimant shows "good cause" by demonstrating a reasonable justification for the

failure to acquire and present the evidence for inclusion in the hearing before the ALJ. Willis v.

Sec'y of Health & Human Servs., 727 F.2d 551, 554 (1984) (per curiam).

The hearing before the ALJ concluded on November 15, 2005, but the ALJ received

additional evidence on January 17, 2006.  Tr. 3, 144.  The ALJ issued an adverse decision on

April 6, 2006.  On April 14, 2006, plaintiff requested review of the hearing decision, submitting

in support thereof additional evidence consisting of physical therapy records and an April 14,

2006 letter from Dale McLaughlin.  Tr. 8.   On June 2, 2006, the Appeals Council denied the

request for review, whereupon the administrative proceedings terminated, and the ALJ's

decision became the final decision of the Commissioner.

Some of the evidence now in issue was not only in existence prior to April 6, 2006, but

was actually considered by the ALJ.   The record reflects that the December 6, 2005 MRI report

was before the ALJ prior to his decision as were the records of the University of Louisville Pain

Management clinic.   Thus, these items fail to satisfy the requirement that the evidence be

"new."

There are additional pieces of evidence that were not in existence at the time of the

administrative proceedings.  Thus, we must determine whether they are "material" and whether

there was "good cause" for failure to acquire the materials before the conclusion of the

administrative proceedings.  As to both of these questions, for the reasons that follow, the Court

believes that plaintiff has carried his burden.

With respect to "good cause," the Court notes that poverty, especially when combined

with a mental impairment, can be an impediment to obtaining medical treatment in a timely fashion. Stated another way, on the facts of this case, the Court concludes that it constitutes a reasonable justification for failure to obtain the additional evaluations and treatment earlier.

With respect to "materiality," the Court notes that in this case, one of the primary reasons for the ALJ's determination that Mr. Coghill's pain was not of disabling severity was the failure to obtain medical treatment. Subsequent to the hearing, Mr. Coghill had the objective tests that led to treatment at the Pain Clinic. Subsequent to the decision, Mr. Coghill has continued to obtain medical treatment for his pain. Thus, the Court cannot say that there is no "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988). Remand is appropriate.

As an alternative to his argument of error, plaintiff contends that the ALJ erred at Step Three in failing to find that he met the requirements of Listing 12.05( C). The source of the error, he argues, was failure to treat as "severe" his mental limitations other than his low IQ. While the Court's determination regarding remand renders addressing this argument unnecessary, the Court notes that plaintiff's argument itself reflects a failure of full understanding of the meaning of Step Three analysis. Meeting a listing creates a *presumption* of disability; consequently, the standards applicable at Step Three are strictly applied. To meet a listing, a claimant must use specific *medical* evidence. That is, at Step Three, it is insufficient to point to the existence of an impairment and use various types of evidence to argue that the functional restrictions imposed by that impairment are disabling; rather, the plaintiff must point to medical evidence establishing *all* of the criteria set out in the listing. "An impairment that

manifests only some of those criteria, no matter how severely, does not qualify." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990).

Thus, to demonstrate mental retardation under Listing 12.05 ( C), claimant must not only point to a valid IQ score below 71, but must also establish that "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence ... supports onset of the impairment before age 22."  Section 12.05 ( C) of Appendix 1 of 20 CFR Part 404, Subpart P. Whether Mr. Coghill claims an IQ score of 59 or 61, he will only be able to satisfy the listing if he shows deficits in adaptive functioning prior to age 22.

An order in conformity has this day entered.